State of Vermont
Superior Court—Environmental Division

=======================================================================
# ENTRY REGARDING MOTION
=======================================================================

**In re Regan Accessory Use Permit Application**          **Docket No. 117-7-10 Vtec**
**(Appeal from City of Burlington Development Review Board)**

Title: Motion for Summary Judgment

Filed: 3/29/12

Filed By: Applicant Ute Regan

Response in Opposition filed on 6/26/12 by Appellants Friends of Chittenden Drive

Response filed on 6/28/12 by the City of Burlington (commenting on MSJ and on Opposition)

Reply to Friends' Response in Opposition filed on 7/11/12 by Applicant Ute Regan


_X_ Granted               ___ Denied               ___ Other

Currently before the Court in this appeal is Ute Regan's ("Applicant") motion for summary judgment on the legal issues that several individuals, collectively known as Friends of Chittenden Drive ("Appellants"), raise in their Statement of Questions. Appellants appealed a decision by the City of Burlington ("City") Development Review Board ("DRB") granting Applicant a permit for an accessory apartment at her property located at 46 Chittenden Drive in Burlington.

The DRB granted Applicant an accessory use permit to bring her single family dwelling – which she had already divided to create a separate efficiency apartment within the building – into compliance with the City of Burlington Comprehensive Development Ordinance ("CDO"), which requires a permit for such uses under § 8.1.12(c). Applicant had been using the efficiency apartment herself while renting out the rest of the building. The efficiency apartment has its own entrance; an internal fire door separates it from the rest of the house. Applicant proposes no physical modifications to the residence. The property is served by a single access drive leading from Chittenden Drive to a garage within the structure and a carport that adjoins the garage.

The CDO requires four parking spaces for Applicant's proposed arrangement: a residence with attached accessory apartment. The DRB found this requirement met by counting one parking space in the garage, one in the carport, and two in the driveway: one in front of the garage and the other in front of the carport. The DRB granted a permit with conditions, stating that it concluded that the project complied with all applicable zoning criteria.

The City of Burlington Zoning Administrator ("Zoning Administrator") originally approved the application and issued a zoning permit. Appellants appealed the Zoning Administrator's decision to the DRB, claiming that the parking spaces in the driveway, in front of the carport and garage, encroach into the front yard setback area and therefore were a basis for denying the permit application. Appellants noted that while parking in a driveway is allowed, it is restricted if the parking encroaches into a front yard setback, except where the driveway is "no more than eighteen feet (18') . . . in width." CDO § 8.1.12(c). Appellants

argued that because Applicant's driveway exceeds 18 feet in width,[1] the two driveway parking spaces are prohibited under the CDO and thus the proposed accessory apartment lacks adequate parking. The DRB upheld the permit, conditioned upon Applicant not allowing more than an 18-foot wide portion of the driveway to be used to park two cars. In re 46 Chittenden Drive (Ward 6, RL) (Tax Lot No. 054-1-121-000), No. 10-0836CA-AP, Findings of Fact, at 2 (Burlington Dev. Review Bd. June 24, 2010) [hereinafter "DRB Decision"].

Summary judgment, when granted, disenfranchises a litigant from their right to a trial. We are therefore directed to only grant a summary judgment request when a moving party (here, Applicant Ute Regan) has shown that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a); V.R.E.C.P. 5(a)(2). We must "accept as true the [factual] allegations made in opposition to the motion for summary judgment" and give the non-moving party (here, Appellants Friends of Chittenden Drive) the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356; see V.R.C.P. 56(c). Nonetheless, both the party claiming that a material fact is undisputed and the party seeking to establish a dispute of material fact must support their factual assertions with citations to admissible evidence. V.R.C.P. 56(c)(1). See Reporter's Notes—2012 Amendment, V.R.C.P. 56 ("Rules 56(c)(1)(B) and (c)(2) clarify that all asserted facts must be based on admissible evidence"). The Environmental Division follows the Vermont Rules of Evidence, except that we may admit evidence otherwise inadmissible under those rules "if it is of a type commonly relied upon by reasonably prudent persons in the conduct of their affairs." V.R.E.C.P. 5(e)(1). We review the evidence represented by both parties here with these legal standards in mind.

Appellants present no actual evidence that the driveway exceeds 18 feet in width, but as Applicant does not contest this allegation, we consider it undisputed for the purpose of this motion and base our determination on an assumption that Applicant's driveway exceeds 18 feet in width by some unknown amount. We also consider it undisputed that the two spaces at issue are the ones in front of the garage and the carport. This leaves us simply to answer the legal question of where within the setback area, if at all, cars may park in an access drive over 18 feet wide.

When interpreting municipal bylaws, courts must give effect to the intent of the relevant legislative body. See Town of Killington v. State, 172 Vt. 182, 188 (2001); In re Vt. Nat'l Bank, 157 Vt. 306, 312 (1991). Where the plain language of the law is unclear or ambiguous, or if applying the ordinary meaning makes the statute or bylaw ineffective or leads to irrational results, courts look beyond the wording at issue to ascertain legislative intent. See In re Susan P, 169 Vt. 252, 262 (1999); Town of Killington, 172 Vt. at 189. Courts examine "the general context of the statutory language, the subject matter, and the effects and consequences of our

---

[1] Appellants also contend that Applicant's driveway was widened without a permit, but they provide no evidence to support this contention, as required by V.R.C.P. 56(c)(1). The DRB found – "based on orthophotos" – that someone had widened the driveway "between 1978 and 2000." However, neither party submitted orthophotos to this Court. In support of her pending motion, Applicant submitted three affidavits (including her own affidavit, as well as a "Corrective Affidavit"; see Exhibit 1 to Applicant's Reply Mem., filed July 11, 2012), asserting that the driveway has remained at its current width since prior to Applicant's purchase in 1987.

These affidavits meet the standards of V.R.C.P. 56(c)(1); Appellants submitted no evidence to the contrary. In sum, no evidence suggests that any driveway modification occurred during Applicant's ownership term. Furthermore, no party submitted evidence suggesting that the alleged driveway modification was done without a needed permit or that, if a modification ever occurred, the pre-modification driveway did (or did not) exceed 18 feet in width.

interpretation."   Shea v. Metcalf, 167 Vt. 494, 498 (1998).   Purpose provisions in municipal bylaws particularly assist in understanding the regulatory provisions to which they apply.  See In re Meaker, 156 Vt. 182, 185 (1991); In re Bibby, No. 189-11-10 Vtec, slip op. at 8 (Vt. Super. Ct. Envtl. Div. Mar. 2, 2010) (Durkin, J.).   In close cases, interpretation by municipal staff and zoning boards may be relied upon for guidance.  In re Maple Tree Place, 156 Vt. 494, 499-500 (1991).   When our analysis does not fully dispose of ambiguity in the applicable law, we are counseled to rule in favor of the landowner.  In re Weeks, 167 Vt. 551, 555 (1998).

The current version of the CDO prohibits parking in residential zone front yard setback areas "extend[ing] from the edge of the public right-of-way into the required front yard setback for the entire width of the property with the exception of a single access drive no more than eighteen feet (18') or less [sic] in width."   CDO § 8.1.12(c).  We conclude that this language is ambiguous.  First, even assuming the words "or less" to be mere surplusage,[2] it is not clear from the plain language whether cars may not park at all in the setback area of a driveway over 18 feet wide, or whether, in such driveways, cars may park within the setback only in an 18-foot wide portion of an access drive that extends from the edge of the public right-of-way.  We endorse the latter interpretation.

The purpose section at the beginning of CDO Article 8 (Parking) assists in interpreting that section's remaining provisions.  The first purpose is to "[e]nsure there are adequate parking and loading facilities to serve the use or uses of the property."  CDO § 8.1.1(a).  Interpreting CDO § 8.1.12(c) to completely eliminate parking within front yard setbacks in driveways over 18 feet wide contravenes CDO § 8.1.1(a) by limiting rather than ensuring the potential for adequate parking facilities.  In contrast, interpreting the rule to allow parking in driveways over 18 feet wide but only within an 18-foot wide area aligns with CDO § 8.1.1(a).  Another purpose provision states the City's desire to "[r]educe congestion in the streets and contribute to traffic safety."  CDO § 8.1.1(c).  It makes little sense to imagine that the City would prefer that where a driveway is over 18 feet wide, cars should not park there at all, but should instead add to congestion in the streets by seeking on-street parking or driving to some other parking location.

Although  CDO § 8.1.12(c)  may  have  the  effect  of  discouraging  landowners  from installing access drives over 18 feet wide and from installing multiple access drives, it prohibits neither.   There are various reasons why a landowner might desire a wider access drive or multiple access drives, aside from the ability to park in the over-wide area or in the additional access drive(s).  Had the drafters of the CDO wanted to limit the number or width of access drives, we conclude that they knew how to draft such a prohibition, using clear language.

Here, we have interpreted ambiguous language in a municipal regulation in its context, looking to the document as a whole and in particular to purpose provisions directly applicable to the contested language on parking.  We conclude that the City's regulations allow the parking spaces in front of Applicant's garage and carport to count towards the four spaces necessary for her property, provided that these parking spaces do not exceed an 18-foot width.  Our mandate to resolve ambiguities in favor of landowners supports our conclusion.  Weeks, 167 Vt. at 555–556.  Therefore, with the restriction in place that no more than two vehicles may park in front of the garage and carport in an area not to exceed 18 feet, we conclude that Applicant's parking plan conforms to CDO § 8.1.12(c) and enter summary judgment in Applicant's favor as to Appellants' Questions 3 through 6.

---

[2]  A technical reading of the phrase "no more than 18 feet or less" would allow parking within front yard setback areas only in driveways exactly 18 feet wide: an absurd reading of the regulation in its context.

We next turn to the remaining issues raised by Appellants in their Statement of Questions, all of which are addressed by all parties in their legal memoranda offered in support of or in opposition to Applicant's summary judgment motion.  By the first and second Questions in Appellants' Statement of Questions, Appellants challenge whether Applicant's proposal satisfies the general requirements for an accessory dwelling (codified in CDO § 5.4.5(a)) and the owner-occupancy requirement for an accessory dwelling (codified in CDO § 5.4.5(e)).  For the reasons stated below, we conclude that the evidence presented causes us to conclude as a matter of law that Applicant's proposed accessory dwelling conforms to CDO §§ 5.4.5(a) and (e).

By CDO § 5.4.5(a), the City has established several requirements for a lawful accessory dwelling, including that the accessory dwelling is "located within or appurtenant to" a single family residence on property Applicant owns; that the accessory dwelling "is clearly subordinate to the primary dwelling, and has facilities and provisions for independent living, including sleeping, food preparation, and sanitation."  Id.  Appellants have not filed affidavits or made reference to other forms of admissible evidence that specifically contradict Applicant's factual representations that her accessory dwelling satisfies the general requirements enumerated in CDO § 5.4.5(a).

Appellants appear to challenge the legal sufficiency of Applicant's accessory dwelling's "food preparation" facilities, but Appellants offered no legal definition for that term and our own review of the CDO and the enabling statute (24 V.S.A. § 4412(1)(E)) has revealed no such definition.  In the absence of a more specific definition, we conclude that the sink and microwave oven located in Applicant's accessory dwelling are sufficient to satisfy the phrase "food preparation facilities" found in CDO § 5.4.5(a).  We reach this legal conclusion by relying on the common understanding that a sink and oven may be regarded as adequate for food preparation.  We also rely upon the general proposition that since zoning regulations are in derogation of property rights, we interpret such regulations narrowly and in favor of the property owner seeking to use her property.  Weeks, 167 Vt. at 555–556.

Appellants additionally express concerns about Applicant's claims that she occupies the accessory dwelling as her residence and that she satisfies the requirements of CDO § 5.4.5(e) that the owner of the property occupy the principal or accessory dwelling.  A prior deed listed Applicant and another individual as the titled owners of the property, but Applicant confirmed that a subsequent deed, recorded in the City of Burlington Land Records, lists her as the sole owner of the property.

Appellants assert that the Court should not consider Applicant's property as her principal residence.  However, Appellants provided no admissible evidence to support their claims, as required by V.R.C.P. Rule 56.  Applicant, in contrast, provided sworn affidavits attesting that she spends sufficient time living in the accessory dwelling (over 183 days per year) to qualify it as her primary residence, and that that she uses Burlington as her primary address and files her taxes as a Burlington resident.  (Applicant's Aff's, filed May 29, 2012 and July 11, 2012).

When a moving party presents material facts in support of her summary judgment motion and the opposing party fails to refute those facts with admissible evidence, this Court may consider the movant's factual representations as undisputed for the purpose of considering the pending motion.  V.R.C.P. 56(e)(2).  With this procedural directive in mind, we regard Applicant's assertion that she, as the current sole owner of the property, occupies the accessory dwelling as her principal residence, as undisputed and uncontested.  These undisputed facts cause us to conclude that Applicant has satisfied the requirements of CDO § 5.4.5(e).

We therefore conclude that Applicant's proposal conforms to the residency and food preparation facilities requirements of CDO§ 5.4.5 and enter summary judgment for Applicant as to Appellants' Questions 1 and 2.

Finally, Appellants allege that a recommendation report submitted to the DRB was authored – according to metadata embedded in the document – by the Zoning Administrator, and that such communication between an administrator and the development review board charged with considering an appeal from that administrator's determination constituted "inappropriate participation in the deliberations of the DRB." (Appellants' Opp. to Mot. for Summ. J. at 9, filed Jun. 26, 2012). Even if this were true,[3] we do not agree with Appellants' reasoning and do not see a sufficient legal foundation for it. In fact, we understand that zoning administrators and their staff often provide summaries and reviews when a board is reviewing a land use application, even when conducting a de novo review on appeal from that administrator's determination, and do not recall such a practice as ever having been found to be improper. Moreover, there is no provision in 24 V.S.A. Chapter 117 or in the CDO preventing the DRB or Planning Office staff members from submitting comments to the DRB. We see no legal basis for concluding that such procedures are inappropriate.

The City employee responsible for reviewing Applicant's accessory use permit application, who is a DRB staff member, submitted an affidavit representing that he regularly makes recommendations to the DRB as part of his job, that he authored the report, and that he sent it to Appellants in advance of the hearing. (Aff. of Scott Gustin, Filed Jun. 28, 2012). We agree with Appellants that municipal bodies must follow fundamental principles of fairness and statutory authority, but we see no evidence that those principles were violated here. We therefore conclude that Applicant is entitled to summary judgment on Appellants' remaining Questions: Questions 7 and 8.

Having reviewed the all applicable requirements in CDO § 5.4.5(a) and the evidence submitted, we are satisfied that no dispute of material fact exists and that Applicant is entitled to judgment as a matter of law that her proposed accessory use complies with the applicable City regulations. We therefore **GRANT** Applicant's motion for summary judgment as to all legal issues presented in this appeal.

A Judgment Order accompanies this Entry Order. This concludes the current proceedings before this Court concerning the pending application.

|                                         |                        |
|-----------------------------------------|------------------------|
| Thomas S. Durkin, Judge                 | December 14, 2012      |
|                                         | Date                   |

==============================================================================

Date copies sent: _____                          Clerk's Initials: _____

Copies sent to:

  Attorneys Liam Murphy, Esq. and Damien J. Leonard, Esq. for Applicant Ute Regan
  Attorney Kimberlee J. Sturtevant for the City of Burlington
  Attorney Claudine C. Safar for Appellants Friends of Chittenden Drive

---

[3] The record contains no evidence verifying Appellants' claims concerning metadata.